WILLIAM LACKEY ET AL v. H. F. BLANDY.

**Demurrer—Pleadings—Allegations in Answer Taken as True.**

A demurrer to an answer to a petition that alleges the acceptance by plaintiff of new notes with security, in settlement of those sued on, and which were secured by a mortgage, should be over-ruled as it is an admission of the facts as alleged in the answer.

**Bills and Notes—Contract for Payment in Lumber.**

A contract for delivery at a given point, of personal property, in settlement of notes, though the property be not accepted, the debtor is entitled to recover against the creditor the value of such of the property as was lost by reason of the creditors negligence.

APPEAL FROM MARSHALL CIRCUIT COURT.

October 20, 1868.

This was a suit to enforce payment of the balance of the purchase price of a sawmill outfit. The petition avers the execution and delivery to plaintiffs of two notes of $500 each, due four and eight months, and a mortgage upon the outfit to secure same; that afterwards, Thomas S. Lackey and William Lackey, appellant, executed two notes for $539 each in two and four months, as additional security for the two notes first given. Defendants answering, denied that the mortgage was given at the time of the execution of the notes, but at plaintiff's urgent request, was executed some two months afterwards; that the last two named notes were given, with Thomas S. Lackey as security, in full satisfaction of the notes of $500 each and the mortgage, and that it was afterwards contracted and agreed that defendants could deliver for plaintiffs on the Ohio river at Hamletsburg, Ohio, 100,000 feet of lumber at $12.50 per thousand, to be in full satisfaction of the said last two notes. That pursuant to said agreement, they delivered the lumber at the place designated, and that by reason of the failure of plaintiffs to give them the benefit of the value of said lumber, they claim damages in the sum of $1,500. A demurrer was filed to the answer, and sustained. An amended answer was filed, alleging payment in full of the notes.

The evidence showed that a contract was made with the agent of plaintiffs for the lumber as alleged in defendants answer, and

that about 100,000 feet was placed on the bank of the Ohio river, in easy access for shipment, within the agreed time, and that afterwards, during high water, part of it was washed away.

From a verdict and judgment for plaintiffs, defendants prosecute this appeal.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The allegations in the answer, that the new notes with surety were accepted as satisfaction of the debt previously secured by mortgage, were admitted by the demurrer. And these allegations are, as thus admitted, sufficient for waiving the mortgage. The demurrer ought therefore to have been overruled.

It seems to us also that the allegations and proof as to the contract for lumber, and the delivery of it on the bank of the Ohio, prima facie entitle Lackey to at least the value of so much as was lost to him.

Wherefore, the judgment is reversed and the cause remanded for further proceedings.

*Dabney, for appellant.*

*Palmer, for appellee.*